UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK GLEN POWE,                                    Case No. 16-cv-403-pp

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER LIFTING STAY (DKT. NO. 2) AND ORDERING THAT BY FRIDAY, OCTOBER 21, 2016, THE PARTIES FILE STATEMENTS REGARDING THEIR POSITIONS ON A FURTHER STAY OF THE PROCEEDINGS**

---

On July 2, 2009, the late Judge Rudolph T. Randa sentenced the petitioner to serve three-hundred forty-six months in custody, after his guilty plea to three charges of bank robbery in violation of 18 U.S.C. §2113(a) and (d) and one charge of using, carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2. Case No. 08-cr-134, at Dkt. Nos. 66, 67. On December 12, 2008, the defendant entered his guilty plea. Id. at Dkt. No. 44. The plea agreement provided for an adjusted offense level of 32 (the defendant was free to challenge one enhancement), minus 2 levels for minor role and 3 levels for acceptance of responsibility, for the bank robbery counts. Id. at Dkt. No. 42 at 6-7. The parties agreed that there was a mandatory minimum seven-year sentence for the firearm count, which had to run consecutively to any guidelines sentence, id. at 8; each side was free to recommend whatever guidelines sentence it thought appropriate, id.

1

Judge Randa imposed a guidelines sentence of 262 months on the bank robbery counts, and the mandatory minimum sentence of eighty-four months on the gun count to run consecutively, for a total sentence of 346 months. Id. at Dkt. Nos. 66, 67. The court minutes from the sentencing indicate that Judge Randa "addresse[d] the defendant's several objections to the PSR establishing the defendant as a career offender," id. at Dkt. No. 66, p. 2, and that he concluded that the defendant qualified as a career offender, id.at p. 3.

The petitioner appealed Judge Randa's sentence to the Seventh Circuit. Id. at Dkt. No. 68. On appeal, he did not challenge Judge Randa's conclusion that he qualified as a career offender. Id. at Dkt. No. 106, p. 5. The Seventh Circuit reversed and remanded on other grounds. Id. at pp 5-6.

On remand, Judge Randa re-sentenced the petitioner to serve 216 months on the bank robbery counts and eighty-four months (consecutive) on the gun count, for a total revised sentence of 300 months. Id. at Dkt. Nos. 116, 117. The petitioner appealed that sentence, as well, id. at Dkt. No. 118, but the Seventh Circuit dismissed the appeal, id. at Dkt. No. 131.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), in which it held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. On November 2, 2015, the petitioner asked Judge Randa to appoint an attorney to assist him in figuring out whether the Johnson decision might afford him a basis for challenging his sentence. Id. at Dkt. No. 135. On January 19, 2016, the Seventh Circuit authorized the petitioner to file a second or successive motion

2

under 28 U.S.C. §2255[1], Id. at Dkt. No. 136, and on January 26, 2016, Judge Randa granted the petitioner's request for appointment of counsel, id. at Dkt. No. 137. The petitioner, represented by counsel, filed this petition on April 1, 2016. Id. at Dkt. No. 139; Case No. 16-cv-403, Dkt. No. 1.

The petition alleges that one of the predicate offenses which qualified him as a career offender under U.S.S.G. §4B1.1 was attempted burglary, and that the only way that attempted burglary could qualify as a predicate offense was under the residual clause in U.S.S.G. §4B1.2(a)(2), which defined a crime of violence as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Dkt. No. 1 at 3. The petition argued that the Supreme Court's decision in Johnson had invalidated the residual clause of §4B1.2(a)(2), and thus that the petitioner should not have been sentenced as a career offender. Id. at 3-4.

On April 21, 2016, Judge Randa entered an order staying the §2255 proceedings because there were several cases pending before the Seventh Circuit which could further impact the resolution of the issue raised in the petition. Dkt. No. 24. Judge Randa issued the stay pending the Seventh Circuit's rulings in United States v. Hurlburt/Gillespie, ___ F.3d ___, 2016 WL 4506717 (7th Cir., August 29, 2016) and United States v. Rollins, ___ F.3d ___, 2016 WL 4587028 (7th Cir., August 29, 2016). The Seventh Circuit now has decided those cases. Particularly relevant to this case is the court's decision in

---

[1] The petitioner had filed a previous §2255 petition in March of 2013. Case No. 08-cr-134, Dkt. No. 134.

3

Case 2:16-cv-00403-PP    Filed 09/26/16    Page 3 of 5    Document 3

Hurlburt, in which it concluded that the residual clause of the definition of "crime of violence" in §4B1.2 was unconstitutionally vague.

The petitioner has raised the invalidity of the residual clause in a collateral attack under 28 U.S.C. §2255. While the United States Supreme Court has not yet ruled on whether its decision in Johnson applies retroactively to collateral attacks on sentencing enhancements predicated on the §4B1.2 residual clause, it has accepted certiorari on that question. Beckles v. United States, 136 S. Ct. 2510 (June 27, 2016). In at least one other case before this court, the parties have asked the court to stay briefing on this question until the Supreme Court issues its decision in Beckles. See United States v. Lipsey, Case No. 16-cv-776 at Dkt. No. 6.

The petition asserts that had the petitioner not been subject to the career offender enhancement, his offense level would have been 29 in criminal history category V, which would have yielded a guidelines range of 140 to 175 months—eleven years and eight months to fourteen years and seven months. Case No. 16-cv-403, Dkt. No. 1 at 3-4. The petitioner was sentenced on July 2, 2009, and it appears that he may have been in federal custody since approximately April 30, 2008. Case No. 08-cr-134, Dkt. No. 3. So it appears that he has served approximately eight years and five months.

Given these circumstances, the court **ORDERS** as follows:

The court **ORDERS** that the April 21, 2016 stay imposed by Judge Randa is **LIFTED**. Dkt. No. 2. The court **ORDERS** that, no later than the end of the day on **Friday, October 21, 2016**, the parties each shall file a statement

with the court, informing the court whether they wish the court to further stay proceedings pending the Supreme Court's decision in Beckles. If the parties are in agreement on their positions, they may file a single statement. If the parties are not in agreement, the court will schedule a hearing to hear argument on whether it should further stay proceedings.

Dated in Milwaukee, Wisconsin this 26th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge