UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK GLEN POWE,

    Petitioner,

v.                                                          Case No. 16-cv-403-pp

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, DENYING PETITIONER'S MOTION TO DISMISS AS MOOT (WITHOUT PREJUDICE) (DKT. NO. 8), AND DISMISSING CASE**

---

      The petitioner filed a motion to vacate, set aside, or correct sentence, arguing that under Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clause in U.S.S.G. § 4B1.2 was void for vagueness. Dkt. No. 1. Because the sentencing judge enhanced his sentence under that residual clause, the petitioner argued that the court should correct his sentence. Id. On March 6, 2017, the United States Supreme Court issued a decision in Beckles v. United States, 137 S. Ct. 886 (2017), holding that the advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles forecloses the petitioner's argument that he is entitled to relief.

      Within two weeks of the Beckles decision, the defendant filed a motion to dismiss without prejudice. Dkt. No. 8. In response, the government filed a letter, speculating that the reason the petitioner wanted to voluntarily dismiss

the petition (rather than having the court rule) was to avoid having the motion used against him in the event that he files other petitioners in the future. Dkt. No. 9. The government asked the court to rule on the substance of the petition. Id.[1]

The court agrees with the government that under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the potential effect of voluntary dismissal of the petition would be no different from the potential effect of a ruling on the merits. Under AEDPA, a prisoner has one "single unencumbered opportunity to pursue collateral review." Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 2011); 28 U.S.C. § 2255(h). Before filing a second or successive motion, the prisoner must obtain certification to do so from the court of appeals. Id. There is no requirement that the court must adjudicate the first petition on the merits in order for it to count as the prisoner's first motion. Felder v. McVicar, 113 F.3d 696, 697 (7th Cir. 1997). A voluntary dismissal may operate as a decision on the merits if the prisoner withdraws the motion because it has become clear to him that the court will deny the motion on the merits. Potts v. United States, 210 F.3d 770 (7th Cir. 2000).

Because Beckles acts as "handwriting on the wall," the court will deny the motion on the merits, and deny the motion to dismiss as moot. See Potts, 210 F.3d at 771(motion was second or successive when the petitioner had an opportunity to receive a decision on the merits but flinched after receiving the

---

[1] In the future, the court asks that if the government wants the court to do something (or to refrain from doing something), it file a pleading—an objection, or a response—rather than correspondence.

opposition brief and "seeing the handwriting on the wall.") The court declines to issue a certificate of appealability, because after Beckles, the petitioner cannot demonstrate that reasonable jurists would debate that the motion should be resolved in a different manner or that issue presented is adequate to deserve further encouragement. 28 U.S.C. §2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).

The court **DENIES** petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 1. The court **DECLINES TO ISSUE** a certificate of appealability. The court **DENIES** petitioner's motion to dismiss as moot, without prejudice. Dkt. No. 8. The court **DISMISSES** the case.

Dated in Milwaukee, Wisconsin, this 26th day of April, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge